United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRES FELIPE OME OSORIO,
Plaintiff,
v.
SERGIO ALBARRAN, et al.,
Defendants.

Case No. 26-cv-08783

**ORDER RE TRO**

Petitioner Andres Felipe Ome Osorio, a citizen of Colombia, is being held in civil immigration detention in San Francisco, California. He filed a petition for a writ of habeas corpus and an application for a temporary restraining order for release from detention pending further proceedings. *See* Dkt. No. 1 (petition); Dkt. No. 2 (TRO). Respondents are Sergio Albarran, Field Office Director of the San Francisco Immigration and Customs Enforcement (ICE) Office; David J. Venturella, Acting Director of United States Immigration and Customs Enforcement; Markwayne Mullin, Secretary of the United States Department of Homeland Security; and Todd Blanche, Attorney General of the United States, acting in their official capacities.

Osario states that he was an unaccompanied minor released from federal custody by the Office of Refugee Resettlement after arriving in the United States in 2024, pursuant to the Trafficking Victims Protection and Reauthorization Act. Dkt. No. 1 ¶ 1, 23. He was re-detained by ICE at a check-in on August 21, 2026. *Id.* ¶ 2. Osario suffers from "a life-threatening cardiac condition characterized by episodes of syncope-sudden loss of consciousness accompanied by cessation of heart function and cessation of breathing." *Id.* ¶ 3. He says that in ICE custody he has lost access to the medical care necessary to treat this condition as well as the devices used to monitor it, with no indication of when either will be given back. *Id.* ¶ 34-37.

Osario has raised a serious question that his detention without medical care violates the Due Process Clause of the Fifth Amendment. *See City of Revere v. Massachusetts General*

*Hospital*, 463 U.S. 239, 244 (1983); *Zadvydas v. Davis*, 533 U.S. 678, 690-93 (2001); *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

In light of petitioner's potentially unlawful detention and deprivation of his liberty, the balance of hardships tips sharply in his favor, *see Hernandez v. Sessions*, 872 F.3d 976, 996 (9th Cir. 2017), which, together with the serious question on the merits, supports the granting of a TRO. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The balance of equities and public interest, which merge in this case, also favor the granting of a TRO. *See Nken v. Holder*, 556 U.S. 418, 435 (2009); *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005).

Consequently, a TRO is granted on the ensuing terms to preserve the status quo while the merits of the habeas petition are resolved:

(1) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are directed to immediately release from custody petitioner Andres Felipe Ome Osorio Petitioner must be released no later than 2:00 p.m. on August 22, 2026, and the government will file a status report by 5:00 p.m. on August 24, 2026, confirming that petitioner has been released.

(2) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from detaining petitioner Andres Felipe Ome Osorio without a pre-detention hearing before a neutral decisionmaker.

(3) Respondents will show cause in writing by August 26, 2026, why a preliminary injunction should not issue. Petitioner may file a response by August 29, 2026. If needed, a hearing will be set by further order.

There is no realistic likelihood of harm to respondents from enjoining their conduct, and so petitioner need not give security under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999). This temporary restraining order was entered on August 22, 2026, and will expire

in 14 days, unless extended by further order.

**IT IS SO ORDERED.**

Dated: August 22, 2026

JAMES DONATO
United States District Judge

United States District Court
Northern District of California